UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS DETTMER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-0783-x |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

After Safeco Insurance Company of Indiana ("Safeco") removed this case from state court based on diversity jurisdiction, Thomas Dettmer decided he needed to add non-diverse defendants to his lawsuit. He moves for leave to amend his complaint to add those defendants [Doc. No. 9] and—with diversity destroyed—moves to remand the case to state court. [Doc. No. 11]. The Court **DENIES** both motions.

## I. Background

After a hailstorm damaged the roof of Dettmer's property, Dettmer filed a claim with Safeco, his insurance company, to recoup the damages. Safeco, in turn, hired Madsky Managed Repair Program ("Madsky") to inspect the residence. Because Madsky concluded that the damage to Dettmer's property didn't exceed his deductible, Safeco refused to approve Dettmer's claim.

Nonplussed with that denial, Dettmer independently hired JT Roofing LLC ("JT") to assess the property. JT identified substantial damage to the roof and interior of the property, estimating $62,826 in repair costs. Presumably to reconcile

1

that vast disparity, Safeco hired ProNet Group, Inc. ("ProNet") to double check Madsky's initial assessment.   ProNet's engineer, Marc Camacho, inspected the property and concluded that the damage to the residence resulted from "intentional mechanical damage performed . . . in an attempt to replicate storm damage."[1]  Safeco called Dettmer to inform him of these findings on November 4, 2020 and sent him Camacho's report on November 10, 2020.

Dettmer then sued Safeco—an Indiana and Massachusetts company—in Texas state court for breach of contract, deceptive insurance practices, and deceptive trade practices.   Safeco removed this case, asserting that the Court has subject-matter jurisdiction because there is diversity of citizenship and the amount in controversy exceeds $75,000.  Dettmer now moves to amend his state-court petition to add ProNet, Madsky, and Camacho—all Texas persons and entities—and, with a newfound dearth of diversity, remand the case back to state court.

## II. Legal Standard

Federal courts have diversity jurisdiction in civil actions when the amount in controversy exceeds $75,000 and diversity of citizenship exists between the parties.[2] Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state-court action over which the federal district court would have original jurisdiction.   "[T]he defendant bears the burden of establishing federal jurisdiction over the state-court

---

[1] Doc. No. 14 at 66.

[2] 28 U.S.C. § 1332(a).

suit."[3]  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute."[4]  Accordingly, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[5]  If the Court lacks subject-matter jurisdiction, remand—not dismissal—is appropriate.[6]

A party may amend its pleading with the Court's leave.[7]  As a general matter, a court "should freely give leave when justice so requires"[8] and must possess a "substantial reason" to deny leave to amend.[9]  But courts have more discretion to deny leave to amend when, "after removal[,] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."[10]  In such cases, *Hensgens v. Deere & Co.* commands courts to consider four factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be

---

[3] *Carpenter v. Wichita Falls Ind. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998).

[4] *Id.* at 365–66 (citation omitted).

[5] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[6] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987); *see also Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[C]ourt[s] may not permit joinder of non-diverse defendants but then decline to remand.").

[7] Fed. R. Civ. Proc. 15(a)(2).

[8] *Id.*

[9] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (cleaned up).

[10] 28 U.S.C. § 1447(e); *see Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, No. 3:15-CV-1336-M, 2015 WL 4629681, at *2 (N.D. Tex. Aug. 4, 2015) (Lynn, J.) ("[T]he court has greater discretion to grant or deny joinder when a plaintiff seeks to join a nondiverse party after removal.").

significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities."[11]

### III. Analysis

Dettmer contends that the general, permissive standard for leave to amend governs. That's wrong. Because Dettmer seeks to amend his complaint only after removal and to add diversity-destroying defendants, the Court considers the four *Hensgens* factors in deciding whether to grant leave to amend.[12]

### A. Purpose of the Amendment

To determine whether the purpose of the amendment is to defeat federal jurisdiction, courts consider "whether a plaintiff knew of the proposed defendant's role[] or mentioned the proposed defendant in the original petition."[13]   Dettmer mentioned Madsky in his state-court petition, so he knew of Madsky's involvement in evaluating the damage to his property.   Concerning ProNet and Camacho, Dettmer possessed Camacho's conclusions on November 10, 2020.   So Dettmer knew of ProNet's and Camacho's involvement with his claim years ago.   Accordingly, the purpose of the proposed amendment is to defeat federal jurisdiction.

Dettmer appears to disagree, contending that, although he knew about all the parties when filing his state-court petition, he "had not determined the likelihood

---

[11] *Hensgens*, 833 F.2d at 1182.

[12] Dettmer's remand motion hinges on his motion for leave to amend.   Doc. No. 12 at 2 ("Through its amended pleading Plaintiff has . . . destroy[ed] subject-matter jurisdiction allowing this Court to remand[.]").   Accordingly, the Court will not separately analyze the remand motion.

[13] *Ogunro v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:18-CV-1784-B, 2019 WL 111213, at *3 (N.D. Tex. Jan. 4, 2019) (Boyle, J.).

that [the] parties were working in concert in order to deny [his] insurance claim."[14]
The Court isn't persuaded.  Safeco sent Dettmer ProNet's report, so he's had notice
that those companies were working together.

### B. Dilatoriness

"A delay of . . . thirty days after the notice of removal has been found
dilatory."[15]  Safeco removed the case on April 6, 2022.  But Dettmer waited more than
four months—until August 16, 2022—to move for leave to amend.  That delay is
dilatory.  Although Dettmer chalks up his tardiness to his desire to observe "the
outcome of pre-discovery mediation," that's inapposite.[16]  Dettmer had sufficient
information to include the non-diverse parties in his state-court petition, and there's
no evidence mediation did anything to materially develop those facts.

### C. Potential for Injury

To determine whether denial of leave to amend would significantly injure the
plaintiff, courts consider "the cost, judicial efficiency, and possible inconsistency of
results that might result if the plaintiff is forced to try two related claims in different
courts."[17]  Here, Dettmer only seeks to add a solitary, generalized allegation against
the non-diverse parties.[18]  But generalized allegations that only raise a "scant
possibility of recovery against nondiverse defendants cannot support a finding of

---

[14] Doc. No. 10 at 2.

[15] *Gallegos v. Safeco Ins. Co. of Ind.*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (cleaned up).

[16] Doc. No. 10 at 3.

[17] *Andrews Restoration*, 2015 WL 4629681, at *6 (cleaned up).

[18] Doc. No. 10 at 12 ("ProNet participated in [Safeco's] actions through their agent, Marc A. Camacho . . . , from [*sic*] issuing a false and misleading report").

significant injury."[19]   Accordingly, the Court perceives no potential for significant injury by denying leave to amend.

### D. Other Equities

To determine whether other equities are relevant, courts "weigh the plaintiff's overarching interest in avoiding parallel litigation, with the defendant's desire to pursue the case in federal court."[20]   Courts generally use this factor to "address any unique circumstances presented by the parties."[21]   But the parties present no unique circumstances.   Accordingly, this factor does not support granting leave to amend.

## IV. Conclusion

The *Hensgens* factors weigh against allowing Dettmer to amend his complaint to add non-diverse defendants.   Accordingly, the Court **DENIES** Dettmer's motion for leave to amend.   Because Dettmer's remand motion hinges entirely on the Court's granting leave to amend, the Court **DENIES** Dettmer's remand motion.

**IT IS SO ORDERED** this 13th day of March, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[19] *Andrews Restoration*, 2015 WL 4629681, at *6 (cleaned up).

[20] *Id.* at *7.

[21] *Id.*